**Zulema CARREON, Plaintiff–
Appellant,**

v.

**Larry G. MASSANARI, Defendant–
Appellee.**

No. 01–3552.

United States Court of Appeals,
Sixth Circuit.

Nov. 21, 2002.

---

* Hon. Curtis L. Collier, United States District
Judge for the Eastern District of Tennessee,   sitting by designation.

Before MERRITT and GILMAN, Circuit Judges, and TARNOW,* District Judge.

MERRITT, Circuit Judge.

Plaintiff Zulema Carreon appeals the district court's judgment upholding the Commissioner's denial in part of her application for widow's insurance benefits and disability benefits. For the following reasons, we conclude that the Commissioner's decision was supported by substantial evidence and affirm the judgment of the district court.

On December 28, 1993, Carreon filed applications for widow's benefits and disability benefits, alleging a disability onset date of March 15, 1991, and claiming that she was disabled due to pain in her back, legs, and right hand. The Commissioner denied her application initially and on reconsideration.

After a hearing, the Administrative Law Judge (ALJ) found that although Carreon had severe impairments, she retained the residual functional capacity to perform light work. Considering her residual functional capacity, as well as her age, education, and work experience, the ALJ applied the Medical–Vocational Guidelines and issued a partially favorable decision, finding that the claimant was disabled commencing July 6, 1994, but not before. Because she was last eligible for widow's benefits as of March 31, 1993, the claimant was not entitled to those benefits.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied review on January 22, 1999.

On March 29, 1999, Carreon filed a complaint in federal court for review of the partial denial of her claim. On the motion of the Commissioner, the case was remanded to the agency and subsequently reopened in district court. After the parties filed their briefs, the court issued its opinion affirming the final judgment of the Commissioner on March 14, 2001. This timely appeal followed.

In reviewing the decision of the district court, this court must determine whether the Administrative Law Judge's decision was supported by substantial evidence, which is generally defined as such relevant evidence as a reasonable mind might accept as adequate to support the conclusion. *See Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Even if the evidence also could support another conclusion, the decision of the ALJ must stand if the evidence reasonably could support the conclusion reached. *See Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Carreon contends that the Commissioner's decision is not supported by substantial evidence. Specifically, she contends that (1) the ALJ did not give adequate consideration to the opinion of her treating physician, Dr. Caesar Rojas, (2) the ALJ failed to properly consider her allegations of disabling pain, (3) the ALJ erred when he determined that she retained the residual functional capacity to

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. In order to establish entitlement to widow's benefits, the claimant must not be married and must be either sixty years old, or between fifty and sixty years old and have a disability as defined in 42 U.S.C. § 423(d). *See* 42 U.S.C. § 402(e)(1). The claimant also must show that she became disabled within seven years of the death of her fully insured husband. *See* 42 U.S.C. § 402(e). In this case, the claimant filed for widow's benefits based upon the wage earnings record of her husband, Jose M. Carreon, who died March 12, 1986. The period during which she must establish that she was under a disability for purposes of entitlement to widow's insurance benefits extended through March 1993.

perform a full range of light work prior to July 6, 1994, (4) the ALJ failed to assess how her use of a cane could affect her ability to perform light work, and (5) the ALJ erred in using the Medical–Vocational Guidelines in making his disability determination.

In her first allegation of error, Carreon contends that the ALJ improperly rejected the opinion of her treating physician, Dr. Caesar Rojas, who determined that Carreon was unable to participate in any type of gainful employment. To the extent that Dr. Rojas concluded that Carreon was disabled, the regulations specifically caution the ALJ that opinions whether an individual "is disabled" or "unable to work" should not be given any special significance because they intrude upon issues that are reserved to the Commissioner. *See* 20 C.F.R. § 416.927(e). Furthermore, while a treating physician's opinion is generally entitled to great weight in the evaluative process, the ALJ may properly ignore statements of treating physicians that are conclusory and unsupported by the objective medical record. *See Young v. Secretary of Health and Human Servs.*, 925 F.2d 146, 151 (6th Cir.1990).

■ In his residual functional capacity form, Dr. Rojas set forth no functional limitations. The only limitations included in Dr. Rojas's treatment notes include instructions to avoid bending, heavy lifting, and strenuous activity, none of which is required by light work. Light work entails lifting no more than ten pounds frequently and twenty pounds occasionally. The ALJ's decision that Carreon is capable of performing a full range of light work is not inconsistent with Dr. Rojas's opinion. Carreon's allegation of error in this respect is without merit.

Next, Carreon asserts that the ALJ erred when he found that her description of her pain symptoms was not fully credi-ble when considered with the objective medical evidence and other findings. She argues that substantial evidence exists that she had underlying medically determinable physical impairments that could reasonably be expected to produce pain.

To determine whether a claimant suffers from debilitating pain, the court must examine whether objective medical evidence supports an underlying medical impairment that could reasonably be expected to produce pain. *See Duncan v. Secretary of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir.1986). Then, the court must determine whether the objective medical condition is so severe that it could reasonably be expected to produce disabling pain. *See id.*

■ Although Carreon claimed to have pain and tenderness in her neck and lower back, her physical examinations were generally unremarkable, revealing good range of motion, normal motor strength, as well as intact reflexes and sensation. Diagnostic testing of her cervical spine was repeatedly normal and her lumbar spine revealed only mild degeneration and bulging, without herniation.

Carreon also complained of chest pain and tightness, but her cardiac examinations were normal. Specifically, her cardiac enzymes were normal, chest x-rays revealed no pathologic process of the chest, EKGs were consistently unremarkable, and a January 1993 stress test revealed no evidence of stressinduced chest pain. Claimant's treating physician noted that a complete heart evaluation did not reveal any organic problems. Importantly, no physician determined that claimant had any functional limitations as a result of her chest pain.

The ALJ ultimately found the claimant's subjective complaints of limitation and pain not to be credible based upon medical evidence in the record. Because credibili-

ty determinations regarding a claimant's subjective complaints rest with the ALJ and because there is substantial evidence in the record to support the ALJ's finding that Carreon's subjective complaints of pain were not fully credible, we will not disturb those findings.

■ Carreon also argues that her use of a cane limited her ability, when walking or standing, to use one hand to perform light work. The record does not support this argument. Although the Industrial Commission of Ohio authorized Carreon's use of a cane, Dr. Krause determined that claimant's use of the cane was not obligatory, but was merely used for "insurance." Because the cane was not a necessary device for claimant's use, it cannot be considered an exertional limitation that reduced her ability to work.

Next, Carreon asserts that substantial evidence does not support the finding that she can perform a full range of light work. She contends that she is unable to perform the prolonged standing and walking required of light work and that she is unable to lift the specified amount of weight.

■ Regarding her contention that she is unable to lift the required weight, no physician limited Carreon to lifting less than twenty pounds occasionally and ten pounds frequently. Two state agency physicians determined that Carreon could lift fifty pounds occasionally and twenty-five pounds frequently. Carreon has offered no evidence to the contrary. While Dr. Rojas advised claimant to avoid heavy lifting, he did not indicate a weight limit. In addition, the record includes no limitations on Carreon's ability to stand or walk less than six hours per day. All three state agency physicians opined that she could stand or walk for six out of eight hours per day.

Carreon also suggests that her subjective complaints of pain preclude a finding that she can perform the full range of light work. However, the ALJ properly found those complaints not to be fully credible. The ALJ's determination that Carreon can perform light work is supported by substantial evidence.

Finally, Carreon asserts that the ALJ erred in using the Medical–Vocational Guidelines in making his disability determination. As required by the regulations, the ALJ engaged in the five-step sequential evaluation process to determine whether the claimant was entitled to disability benefits. *See* 20 C.F.R. § 404.1520. As part of the fifth step of the analysis, the ALJ determined that Carreon was unable to perform her past relevant work as a nursing home cook. Therefore, the burden shifted to the Commissioner to demonstrate that there existed work in the national economy that Carreon could perform. *See Allen v. Califano,* 613 F.2d 139, 145 (6th Cir.1980). To meet this burden, the Commissioner may apply the Guidelines to determine that jobs exist for a claimant with a specified residual functional capacity, age, education, and work history. When relying on the Guidelines, the ALJ must make specific findings with regard to the claimant's characteristics in each category and each finding must be supported by substantial evidence. *See Kirk v. Secretary of Health and Human Servs.,* 667 F.2d 524, 535 (6th Cir.1981).

Because the Guidelines take into account only exertional limitations, they generally are considered to have limited application where a claimant is limited by significant non-exertional impairments, which include mental, manipulative, and environmental limitations. *See Abbott v. Sullivan,* 905 F.2d 918, 926 (6th Cir.1990). Specifically with reference to pain as a non-exertional limitation, the ALJ is not precluded from using the Guidelines unless the alleged pain is severe enough to restrict a full range of work at a particular exertional

level. *See Cole v. Secretary of Health and Human Servs.*, 820 F.2d 768, 772 (6th Cir.1987).

■ In this case, the ALJ made specific findings regarding the claimant's residual functional capacity, age, education, and work history. As discussed above, substantial evidence supports the ALJ's findings with respect to Carreon's limitations due to pain and the use of a cane. Because Carreon has not proved that her non-exertional impairments are severe enough to limit her range of work, the ALJ did not err by using the Guidelines in determining that claimant was not disabled prior to July 6, 1994.

After reviewing Carreon's allegations of error, the court finds that substantial evidence supports the decision of the ALJ. The district court decision is therefore AFFIRMED.